UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TONY DEJUAN JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>PAUL SCHNELL; GUY BOSCH; AFSCME COUNSEL NUMBER #5 CORRECTIONS GUARD UNIT INCIDENT MANAGEMENT TEAM; DEPARTMENT OF CORRECTIONS CENTRAL OFFICE; ADMINISTRATION TEAM; STILLWATER CLOSE CUSTODY CORRECTIONAL FACILITY; JANE MALCOLM; MINNESOTA BUREAU OF MEDICATION SERVICES; CORRECTIONS GUARD UNIT; REPRESENTATIVES; AFSCME UNION LOCAL 600 AFSCME COUNSEL #5; CORRECTIONS GUARD UNIT REP.; LISA CONNORS; MICHAEL SAWYER; ERIC ANDERSON; TERRA O'CONNOR; BRETT BERO; RICHARD JENNINGS; JESSICA SEROWIECKI; JOSH TILSON; and INCIDENT MANAGEMENT TEAM,<br><br>Defendants. | Case No. 22-CV-0965 (WMW/JFD)<br><br><br><br>ORDER |

Plaintiff Tony Dejuan Jackson, a prisoner, brings this action seeking relief for various matters related to his confinement at the Minnesota Correctional Facility in Stillwater, Minnesota ("MCF-Stillwater"). (*See generally* Compl, Dkt. No. 1.) He did not

pay this action's filing fee, but instead applied for *in forma pauperis* ("IFP") status. (*See* IFP Application, Dkt. No. 2.) This matter is now before the Court for consideration of Mr. Jackson's IFP Application.

A person unable to pay the filing fees for a civil action in federal court may apply for IFP status. *See* Title 28 U.S.C. § 1915. But restrictions are placed on prisoners who seek IFP status. For example, prisoners granted IFP status are not entitled to a full waiver of the filing fee, but instead are merely permitted to pay that filing fee in installments over time. *See id.* § 1915(b). In addition,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* § 1915(g).

Mr. Jackson has already been deemed by several courts in this District to have brought three actions within the scope of § 1915(g). *See, e.g.*, *Jackson v. FindJodi.com, Inc.*, No. 21-CV-1777 (SRN/DTS), 2022 WL 1050354, at *1 (D. Minn. Mar. 23, 2022); *Jackson v. FindJodi.com Inc.*, No. 20-CV-0353 (SRN/ECW), 2020 WL 4915834, at *2 (D. Minn. Aug. 21, 2020) (citing cases); *Jackson v. Dayton*, No. 17-CV-0880 (WMW/TNL), 2018 WL 3696600, at *2 (D. Minn. Aug. 3, 2018). This Court agrees with the analysis set forth in those decisions and finds that Mr. Jackson therefore may no longer claim IFP status

in federal court. Unless an exception applies, he must pay the full, $402 filing fee at the time he commences an action.

As the block quote above states, an exception to § 1915(g) applies where a prisoner "is under imminent danger of serious physical injury." The Eighth Circuit has specifically stated that conclusory assertions of danger are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc)).

Sixty pages long, Mr. Jackson's Complaint presents many allegations, and he certainly alleges that conditions at MCF-Stillwater present him with risks. At various points, for instance, Mr. Jackson claims that conduct by jail personnel is putting him at heightened risk of contracting Covid-19. (*See, e.g.*, Compl. at 7, 34, 36–37, 48–49.) But as in another action that Mr. Jackson has filed in this District, he "provides no individualized analysis suggesting that Covid-19's presence at MCF-Stillwater puts him specifically in any heightened risk of danger" beyond that faced by other inmates. *Jackson*, 2022 WL 1050354, at *1.[1] As Mr. Jackson has been informed, "[m]ultiple Eighth Circuit district courts have concluded that such generalized claims are insufficient to invoke the imminent-danger exception." *Id.* (citing cases). Mr. Jackson also asserts that his conditions may be

---

[1] The Court also observes that, according to the Complaint, Jackson has been vaccinated against Covid-19. (*See, e.g.*, Compl. at 9, 37, 49.)

3

causing him mental or emotional harm. (*See, e.g.*, Compl. at 4, 6, 19, 24–25, 29, 54.) But the § 1915(g) exception requires allegations of serious *physical* injury; standalone claims of mental or emotional harm are insufficient.[2]

In essence, Mr. Jackson's allegations of physical harm are conclusory, and he fails to sufficiently allege "specific fact allegations of ongoing serious physical injury" or allegations of a "pattern of misconduct" suggesting that serious physical injury is imminent. The Court therefore concludes that Mr. Jackson does not qualify for § 1915(g)'s imminent-danger exception. Section 1915(g) thus bars Mr. Jackson from proceeding IFP in this litigation, and his IFP application is denied on that basis.

As a result, if Mr. Jackson wishes to pursue this action, he must pay the full $402 filing fee. The Court will give him **until June 17, 2022**, to submit this payment. If Mr. Jackson fails to submit this payment by that date, this Court will recommend dismissing this action without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Mr. Jackson should note, however, that even if he pays the full filing fee in a timely manner, his

---

[2] The closest that the Complaint comes to the sort of allegations required under § 1915(g) is when Mr. Jackson suggests that, even though he has been vaccinated against Covid-19, "[d]amage was already done" to his health "because [Mr. Jackson] [n]ow has a [b]ladder issue which developed [causing] a [t]ennis [b]all [s]ize [l]ump to [g]row each time [Mr. Jackson] needs to [urinate]." (*Id.* at 37.) Even assuming the truth of this allegation—and that this symptom is linked to Covid-19—Mr. Jackson has still failed to allege "imminent danger of serious physical injury." He concedes that a nurse practitioner has seen him for this condition, does not allege that this medical professional thinks that he is in significant danger, and provides no information suggesting that this symptom reflects "imminent danger of a serious physical injury." (*See id.*)

Complaint will still be screened pursuant to 28 U.S.C. § 1915A to determine, for example, whether it states a cause of action on which relief can be granted.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. The application to proceed *in forma pauperis* of plaintiff Tony Dejuan Jackson (Dkt. No. 2) is **DENIED**; and

2. Mr. Jackson must pay the full $402 filing fee for this action **by no later than June 17, 2022**, and if he fails to do so, this Court will recommend that this action be dismissed without prejudice for failure to prosecute.

Dated: May 26, 2022                                __s/ *John F. Docherty*_____
                                                                   JOHN F. DOCHERTY
                                                                   United States Magistrate Judge