# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| TONY DEJUAN JACKSON, | Case No. 22-CV-0965 (WMW/JFD) |
| Plaintiff, | |
| v. | |
| PAUL SCHNELL, GUY BOSCH, AFSCME COUNSEL NUMBER #5 CORRECTIONS GUARD UNIT INCIDENT MANAGEMENT TEAM, STILLWATER CLOSE CUSTODY CORRECTIONAL FACILITY, JANE MALCOLM, and MINNESOTA BUREAU OF MEDIATION SERVICES, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

This matter is before the Court on Plaintiff Tony DeJuan Jackson's (1) First Amended Complaint (Dkt. Nos. 9 and 9-1 ("Amended Complaint")), (2) motion requesting an "emergency inju[n]ction order" and "temporary restraining order" (Dkt. No. 4 ("Injunctive-Relief Motion")), and (3) motion concerning various service-related issues (Dkt. No. 7 ("Service Motion")). The case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the following reasons, the Court recommends dismissing this action without prejudice, denying as moot the Injunctive-Relief Motion and Service Motion, and warning Mr. Jackson that more litigation conduct like that here will lead to a filing restriction.

Mr. Jackson is incarcerated at the Minnesota Correctional Facility–Stillwater ("MCF-Stillwater") in Bayport, Minnesota. (*See, e.g.*, Am. Compl. at 6.) He litigates in this District often, with at least 10 filed cases since 2011.[1] He has not received relief in any of these cases. Indeed, every time, the relevant judges have dismissed the case, either after motion practice or summarily under 28 U.S.C. §§ 1915 or 1915A.[2] In at least four cases,

---

[1] Excluding this action, the list includes *Jackson v. Minnesota*, No. 11-CV-3738 (DSD/JJK) (D. Minn.); *Jackson v. Minnesota*, No. 11-CV-3739 (DSD/JJK) (D. Minn.); *Jackson v. Minnesota*, No. 11-CV-3740 (DSD/JJK) (D. Minn.); *Jackson v. Dayton*, No. 15-CV-4429 (WMW/TNL) (D. Minn.); *Jackson v. Dayton*, No. 17-CV-0880 (WMW/TNL) (D. Minn.); *Jackson v. Walz*, No. 19-CV-2612 (JNE/LIB) (D. Minn.); *Jackson v. FindJodi.com, Inc.*, No. 20-CV-0353 (SRN/ECW); *Jackson v. Schnell*, No. 20-CV-1951 (BCW) (D. Minn.); *Jackson v. FindJodi.com, Inc.*, No. 21-CV-1777 (SRN/DTS) (D. Minn.).

[2] *See Jackson v. Minnesota*, No. 11-CV-3738 (DSD/JJK), 2012 WL 567422, at *1 (D. Minn. Feb. 21, 2012) (adopting report and recommendation ("R&R") recommending action's summary dismissal), *aff'd*, No. 12-1654 (8th Cir. June 6, 2012); *Jackson v. Minnesota*, No. 11-CV-3739 (DSD/JJK), 2012 WL 2053698, at *1 (D. Minn. Feb. 21, 2012) (same), *aff'd*, No. 12-1660 (8th Cir. June 6, 2012); *Jackson v. Minnesota*, No. 11-CV-3740 (DSD/JJK), 2012 WL 567199, at *1 (D. Minn. Feb. 21, 2012) (same), *aff'd*, No. 12-1661 (8th Cir. June 6, 2012); *Jackson v. Dayton*, No. 15-CV-4429 (WMW/TNL), 2017 WL 499596, at *1 (D. Minn. Feb. 7, 2017) (adopting as modified R&R recommending action's dismissal after motions to dismiss); *Jackson v. Dayton*, No. 17-CV-0880 (WMW/TNL), 2018 WL 3696600, at *1 (D. Minn. Aug. 3, 2018) (adopting R&R recommending action's dismissal after motions to dismiss), *appeal dismissed for failure to prosecute*, No. 18-3138 (8th Cir. Apr. 8, 2019); *Jackson v. Walz*, No. 19-CV-2612 (JNE/LIB), 2020 WL 1442641, at *1 (D. Minn. Mar. 24, 2020) (adopting R&R recommending action's summary dismissal), *appeal dismissed*, No. 20-1805 (8th Cir. Aug. 20, 2020); *Jackson v. FindJodi.com Inc.*, No. 20-CV-0353 (SRN/ECW), 2020 WL 4915834, at *1 (D. Minn. Aug. 21, 2020) (adopting R&R recommending action's dismissal for failure to prosecute); *Jackson v. Schnell*, No. 20-CV-1951 (BCW), 2021 WL 8531869, at *1 (D. Minn. Dec. 6, 2021) (granting motion to dismiss), *appeal dismissed for failure to prosecute*, No. 22-2049 (8th Cir. July 18, 2022); *Jackson v. FindJodi.com, Inc.*, No. 21-CV-1777 (SRN/DTS), 2022 WL 336832, at *1 (D. Minn. Feb. 4, 2022) (adopting R&R recommending action's summary dismissal), *aff'd*, No. 22-1652 (8th Cir. June 1, 2022). Unsurprisingly, given this context, Jackson has three § 1915 "strikes." *See, e.g.*, *Jackson v. FindJodi.com, Inc.*, No. 21-CV-1777 (SRN/DTS), 2022 WL 1050354, at *1 (D. Minn.

judges assessing Mr. Jackson's relevant complaint have specifically warned him about the joinder rules of the Federal Rules of Civil Procedure and/or dismissed his actions for failure to comply with them. *See Jackson v. Dayton*, No. 17-CV-0880 (WMW/TNL), 2018 WL 4473403, at *10 (D. Minn. Apr. 2, 2018), *R&R adopted*, 2018 WL 3696600; R. & R. 2, 5–6, *Jackson v. Walz*, No. 19-CV-2612 (JNE/LIB) (D. Minn. Feb. 19, 2020) ("R&R in No. 19-CV-2612"), *adopted*, 2020 WL 1442641; Order 2–3, *Jackson v. Schnell*, No. 20-CV-1951 (BCW) (D. Minn. Apr. 29, 2021); *Jackson v. FindJodi.com, Inc.*, No. 21-CV-1777 (SRN/LIB), 2021 WL 7542396, at *4 (D. Minn. Nov. 8, 2021), *R&R adopted*, 2022 WL 336832. Furthermore, in at least three cases, this District's Courts have warned Mr. Jackson about filing enormous "shotgun-style" pleadings. *See Jackson*, 2018 WL 4473403, at *8–10; R&R in No. 19-CV-2612 at 2–3; *Jackson*, 2021 WL 7542396, at *6.

With this backdrop in place, the Court considers the present action. The action began when Mr. Jackson filed his original Complaint on April 14, 2022. (Dkt. No. 1.) Ominously, given Mr. Jackson's litigation history, the filing was 61 pages long and included approximately 20 defendants. (*Id.* at 1–2.[3]) Mr. Jackson also applied to proceed IFP. (Dkt. No. 2.) In an order dated May 26, 2022, this Court denied the IFP Application, noting Mr. Jackson's three-strikes status and concluding that this action did not qualify for § 1915(g)'s

---

Mar. 23, 2022) (denying request to proceed in forma pauperis ("IFP") on appeal because, in relevant part, Jackson has three strikes).

[3] To be sure, the Complaint's caption only lists approximately 11 people or entities. (*See id.*) But on the very next page, the Complaint's table of contents includes a section concerning "factual allegations against individual defendants," and the list that follows adds numerous individuals absent from the caption. (*See id.* at 2.)

imminent-danger-of-serious-physical-injury exception. (*See* Dkt. No. 6 at 2–4.) In response, Mr. Jackson paid this action's filing fee. (*See* Dkt. No. 8.)

Several weeks after paying, Mr. Jackson submitted the Amended Complaint. It deletes two entity defendants, but adds another individual defendant—and then about 28 pages of new allegations. (Compare Compl. 1–2 with Am. Compl. 1–2.) Alongside the Amended Complaint, Mr. Jackson refiled a set of exhibits purportedly supporting the pleading; these contain about 55 pages, though it appears to the Court that some pages are missing. (*See* Dkt. No. 10.)

First, a threshold point: the Amended Complaint is now this action's operative pleading. Under Federal Rule of Civil Procedure 15(a), a party can amend a "pleading . . . to which a responsive pleading is required . . . once as a matter of course" within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Here the Complaint has yet to be served on any defendants, so the Court concludes that Mr. Jackson has met the deadline to amend his Complaint as a matter of course.

Be that as it may, the Amended Complaint is another of Mr. Jackson's shotgun-style hodgepodges. Even ignoring issues that arise but quickly disappear, the Amended Complaint zips through such wide-ranging topics as (1) prison staff's purported failure to get COVID vaccines, and MCF-Stillwater's failure to ensure proper ventilation to stop COVID outbreaks (*see id.* at 6, 10, 69–71); (2) issues in disciplinary proceedings reviewing Mr. Jackson's conduct during an incident on December 1, 2021 (*see id.* at 7–9, 14–20, 26–32); (3) difficulties with jail staff regarding incidents on December 21, 2021 (*see id.* at 36–

4

39) and January 31, 2022 (*see id.* at 41–43); (4) alleged denials of visits and other forms of communication with nonprisoners (*see id.* at 10–11, 25, 70, 73, 80–82); (5) facility staff failing to provide Mr. Jackson appropriate time and/or supplies to handle his work-assignment cleaning duties (*see id.* at 40–41, 43, 57); (6) facility staff failing to provide Mr. Jackson appropriate medical care for various health issues (*see id.* at 45–54); (7) purported difficulties at the facility due to an influx of smuggled-in illegal drugs (*see id.* at 58–61); and (8) alleged activity by labor unions representing correctional officers which cause staff shortages, resulting in improper prison conditions (*see id.* at 64–68). Some of these topics are linked—for instance, facility reaction to COVID may plausibly relate to increased restrictions on nonprisoner contacts. But as the list suggests, many of these things have nothing at all to do with one another. (As just one example, there is no connection that the Court can discern between the discipline Mr. Jackson faces based on his conduct on December 1, 2021, and his various medical-treatment allegations.) The Amended Complaint is a paradigmatic "shotgun-style pleading."

Again, the joinder provisions of the Federal Rules of Civil Procedure do not permit complaints like this to proceed. This Court need not reinvent the wheel: United States Magistrate Judge Leo I. Brisbois's discussion of Mr. Jackson's most-recent shotgun filing applies here. After dismissing certain claims because of sovereign immunity, Magistrate Judge Brisbois then recommended the following:

> As for the rest of the Complaint, the Court concludes that it suffers from fatal deficiencies, including misjoinder and a failure to comply with applicable pleading requirements. Under Federal Rule of Civil Procedure 18(a), "a party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." This permissive

5

rule allows a plaintiff to "join as many claims as he or she has against an opposing party."

Once a plaintiff joins multiple defendants, however, he or she must also satisfy Rule 20(a)(2). Under Rule 20(a)(2), "persons . . . may be joined in one action as defendants if (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." "Despite the broad language of Rule 18(a)," one treatise explains, "a plaintiff may join multiple defendants in a single action only if the plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all."

Rule 20(a)(2) is especially relevant in prisoner litigation contexts. Making plaintiffs put unrelated defendants into different lawsuits avoids the "morass produced by multi-claim, multi-defendant suits . . . ." In addition, the Prison Litigation Reform Act ("PLRA") requires that prisoners pay filing fees for all civil actions, and prisoners can only file a certain number of meritless lawsuits (or appeals) before being generally barred from seeking in forma pauperis status. The upshot is that a prisoner who might otherwise have to pay multiple filing fees for multiple lawsuits might try to avoid that outcome by combining unrelated claims against unrelated defendants into a single action.

The summary of [Mr. Jackson's] Complaint above illustrates that the Complaint contains several distinct sets of claims, each involving different subject matters. . . .

Rule 18(a) would permit [Mr. Jackson's] suit if he had named only one defendant and said defendant were truly involved in all of his various sorts of claims. But that is not the circumstance of the present case. Instead, [Mr. Jackson] names multiple Defendants, which demands that the Complaint also comply with Rule 20(a)(2). [Mr. Jackson's] Complaint plainly fails to comply with Rule 20. [Mr. Jackson] has not asserted rights to relief against each Defendant that all arise from the same "transaction, occurrence, or series of transactions or occurrences."

[Mr. Jackson's] Complaint exemplifies the sort of quagmire that Rule 20(a)(2) targets. Furthermore, letting [Mr. Jackson] bring (for practical purposes) multiple actions in one would let him avoid filings for which he should face PLRA-related requirements and consequences (e.g., filing fees). The Court thus concludes that the Complaint suffers from dispositive misjoinder issues.

Standing alone, perhaps these joinder problems would merely suggest requiring that [Mr. Jackson] file an amended complaint. But the misjoinder is particularly confounding because Courts in this District have [repeatedly

> warned Mr. Jackson] that complaints like the present one run afoul of the Federal Rules. . . .
>
> Consistent with Rule 8 of the Federal Rules of Civil Procedure, Courts in this District have "repeatedly criticized the filing of 'kitchen-sink' or 'shotgun' complaints—complaints in which a plaintiff brings every conceivable claim against every conceivable defendant." More specific to [Mr. Jackson], Courts in this District have specifically informed [him] of this Rule 8 standard, as well as the restrictions on shotgun pleadings; at least two of [Mr. Jackson's] previous cases before this Court were dismissed on these grounds.
>
> In the present case, [Mr. Jackson's] "kitchen-sink" Complaint patently violates Rule 8. [Mr. Jackson's] Complaint is more than 90 pages long naming several unrelated Defendants, and it contains allegations regarding several unrelated sets of circumstances. Even liberally construing his Complaint in his favor, it is evident to this Court that [Mr. Jackson's] Complaint is merely a collection of all his grievances regarding unrelated issues. This failure alone, represents a sufficient, independent basis to dismiss the present action. [Mr. Jackson's] kitchen-sink pleading cannot proceed before this Court because it fails to comply with Rule 8 and other applicable pleadings standards as discussed above.
>
> Thus, based on all of the identified deficiencies, the Court finds it appropriate to recommend dismissal of this action.

*Jackson*, 2021 WL 7542396, at *4–6 (citations and footnotes omitted; brackets cleaned up).

Magistrate Judge Brisbois's discussion applies here in full. If anything, the situation here is worse, for now Mr. Jackson has filed the present plainly impermissible pleading after yet another round of judicial warnings. This District's message, it seems, is not getting through.

Under Federal Rule of Civil Procedure 41(b), a court can involuntarily dismiss an action when a plaintiff fails to comply with the Federal Rules of Civil Procedure or with a court order. By flatly ignoring multiple warnings from this District's Courts about black-letter pleading rules, Mr. Jackson is doing both. The Court thus recommends dismissing

this action without prejudice. Given this recommendation, the Court further recommends dismissing the Injunctive-Relief Motion and the Service Motion as moot.

This leaves one more issue: what to do about Mr. Jackson's litigation conduct? As best as this Court can tell, while this District's Courts have repeatedly informed Mr. Jackson of problems with his filings, he has not yet been warned of courts' ability to impose filing restrictions. In this Court's view, that needs to end.

Simply put, "[t]here is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Sterling v. Wood*, 68 F.3d 1124, 1126 (8th Cir. 1995) (quoting *In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) (cleaned up)); *see also, e.g.*, *Hansmeier v. MacLaughlin*, No. 21-CV-1167 (JRT/LIB), 2022 WL 748484, at *6 (D. Minn. Mar. 11, 2022) (same). Indeed, "[d]efendants have a right to be free from harassing, abusive, and meritless litigation." *Tyler*, 839 F.2d at 1293; *see also, e.g.*, *Hansmeier*, 2022 WL 748484, at *6 (quoting *Tyler*). "Federal courts have the inherent power to impose sanctions to regulate their dockets, promote judicial efficiency, and deter frivolous filings." *City of Shorewood v. Johnson*, No. 11-CV-0374 (JRT/JSM), 2012 WL 695855, at *4 (D. Minn. Mar. 5, 2012) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–67 (1980)); *see also, e.g.*, *Fleming v. Wells Fargo Home Mortg.*, No. 15-CV-2683 (PJS/HB), 2015 WL 5158707, at *5 (D. Minn. Sept. 2, 2015) (quoting *City of Shorewood*).

Given this caselaw, as well as Mr. Jackson's litigation history in this District, the Court recommends that if this Report and Recommendation's other recommendations are adopted, Mr. Jackson should also be warned that further filings that similarly violate the Federal Rules of Civil Procedure may lead to a court-imposed filing restriction. As Chief

8

Judge Schiltz recently put it: "As the U.S. Court of Appeals for the Eighth Circuit has explained, '[f]rivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims.' *In re Tyler*, 839 F.2d at 1292 (quotations omitted). This imposes 'unnecessary burdens on, and the useless consumption of, court resources.' *Id*. A federal court 'has authority to control and manage matters pending before it,' and so 'may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process.' *Id*. at 1292–93." *Bethune v. Minnesota*, No. 21-cv-2673 (PJS/ECW), 2021 WL 5964540 *2 (D. Minn., Dec. 16, 2021). In the opinion of the undersigned, Jackson's conduct qualifies him for a filing restriction, under which he would be allowed to file further civil actions only if he is represented by an attorney or has prior written permission from a judge of this court. Any action Jackson filed that did not meet one of those two conditions precedent would be summarily dismissed. Only because Jackson does not appear to have yet been explicitly warned of how close he is to a filing restriction does the undersigned not recommend a filing restriction now.

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. This action be **DISMISSED** without prejudice;

2. Plaintiff Tony DeJuan Jackson's motion requesting an "emergency inju[n]ction order" and "temporary restraining order" (Dkt. No. 4) be **DENIED** as moot;

    3.    Mr. Jackson's motion concerning various service-related issues (Dkt. No. 7) be **DENIED** as moot;

    4.    Mr. Jackson be warned that if he files any more actions that flagrantly violate the Federal Rules of Civil Procedure, a filing restriction may be imposed on him; and

    5.    Judgment be entered accordingly.

Date: August 18, 2022                      *s/ John F. Docherty*
                                          JOHN F. DOCHERTY
                                          United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).