UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Tony Dejuan Jackson, | Case No. 22-cv-0965 (WMW/JFD) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Paul Schnell, Guy Bosch, AFSCME Counsel Number #5 Corrections Guard Unit Incident Management Team, Stillwater Close Custody Correctional Facility, Jane Malcolm, and Minnesota Bureau of Mediation Services, | |
| Defendants. | |

---

Before the Court is the August 19, 2022 Report and Recommendation (R&R) of United States Magistrate Judge John F. Docherty. (Dkt. 11.)  Plaintiff Tony Dejuan Jackson filed timely objections.  For the reasons addressed below, the Court overrules Jackson's objections and adopts the R&R.

## BACKGROUND

Jackson commenced this action on April 14, 2022, alleging that Defendants violated his rights under the Constitution of the United States.  In May 2022, Jackson filed the pending motion for a preliminary injunction and motion requesting that the Court issue an order directing the United States Marshals Service to serve the Defendants.  In July 2022, Jackson filed an amended complaint.

The R&R recommends dismissing this action without prejudice, denying as moot Jackson's pending motions, and warning Jackson that continued similar litigation conduct will result in a filing restriction. Jackson timely objected.

## ANALYSIS

A district court reviews *de novo* those portions of an R&R to which timely objections are filed. 28 U.S.C § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). An objection to an R&R must specify the nature of the objection and the grounds for doing so. *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). In the absence of specific objections, *de novo* review is not required, and a district court reviews the R&R for clear error. *See id.* (observing that objections to an R&R that "are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error"). Because Jackson is proceeding *pro se*, the Court construes his objections liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### I.      Objections

#### A.      Bias

Jackson first objects to the R&R on the ground that the magistrate judge "assumed the role of advocate for the Defendants instead of a neutral magistrate." The Court has carefully reviewed the R&R and found no support for Jackson's contention that the magistrate judge was biased. Jackson's objection on this ground is overruled.

### B. 28 U.S.C. 1915A

Jackson objects to the R&R's recommendation to dismiss his complaint. Jackson argues that the magistrate judge did not rely on any of the provisions in 28 U.S.C. § 1915A as a basis for dismissing the complaint. According to Jackson, the magistrate judge "has gone beyond what is required" by Section 1915A.

Section 1915A provides that "[t]he court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A court may dismiss such a complaint if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1). A court also may dismiss *any* action for failure to comply with the Federal Rules of Civil Procedure. *See Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure . . . to comply with the Federal Rules of Civil Procedure or any court order."). Here, the R&R concludes that Jackson failed to comply with Rule 20(a)(2), Fed. R. Civ. P. Because the R&R identifies a valid basis for dismissal independent of the bases listed in Section 1915A, the Court overrules this aspect of Jackson's objection.

### C. Imminent Danger

Jackson also argues that the magistrate judge failed to reach the merits of the imminent danger exception to the three-strikes rule in 28 U.S.C. § 1915(g). Section 1915(g) provides that

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision applies only to plaintiffs who are proceeding *in forma pauperis*. Here, the magistrate judge denied Jackson's petition to proceed *in forma pauperis*, and Jackson paid the filing fee on June 21, 2022. Section 1915, therefore, does not apply to this action. And even if it did, Section 1915(g) does not require a court to consider whether the plaintiff is in imminent danger before dismissing the action on other grounds. Instead, the exception serves only to prevent automatic dismissal of the complaint after an incarcerated plaintiff has brought three actions that have been dismissed. For these reasons, Jackson's objection on this basis is overruled.

### D.    Joinder

Jackson objects to the R&R's conclusion that Jackson failed to comply with the joinder requirements of Federal Rule of Civil Procedure 20(a)(2). Rule 20(a) provides that multiple parties may be joined as defendants so long as "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Jackson argues that there are questions of law or fact in common to all Defendants because "[a]ll the Defendants are part of the ongoing complicit conspiracies" to violate Jackson's

4

rights. The Court's review of the allegations in Jackson's complaint, however, confirms the R&R's conclusion that Jackson's complaint does not comply with Federal Rule of Civil Procedure 20(a)(2). The allegations in Jackson's complaint pertain to multiple unrelated incidents that do not have questions of law or fact common to all defendants. Accordingly, the Court overrules Jackson's objection on this ground.

## II.    Jackson's Litigation Conduct

The R&R recommends warning Jackson that continued similar litigation conduct will result in the court imposing filing restrictions. A court "may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (internal quotation marks omitted). As the R&R observes, Jackson has filed at least 10 actions since 2011 and has never received relief.[1] Judges presiding over several of these actions have warned Jackson about the joinder rules of the Federal Rules of Civil Procedure and the impropriety of filing "kitchen sink" pleadings.[2] The Court

---

[1]    *See Jackson v. Minnesota*, No. 11-cv-3738 (DSD/JJK) (D. Minn.); *Jackson v. Minnesota*, No. 11-cv-3739 (DSD/JJK) (D. Minn.); *Jackson v. Minnesota*, No. 11-cv-3740 (DSD/JJK) (D. Minn.); *Jackson v. Dayton*, No. 15-cv-4429 (WMW/TNL) (D. Minn.); *Jackson v. Dayton*, No. 17-cv-0880 (WMW/TNL) (D. Minn.); *Jackson v. Walz*, No. 19-cv-2612 (JNE/LIB) (D. Minn.); *Jackson v. FindJodi.com, Inc.*, No. 20-cv-0353 (SRN/ECW); *Jackson v. Schnell*, No. 20-cv-1951 (BCW) (D. Minn.); *Jackson v. FindJodi.com, Inc.*, No. 21-cv-1777 (SRN/DTS) (D. Minn.).

[2]    *See Jackson v. Dayton*, No. 17-cv-0880 (WMW/TNL), 2018 WL 4473403, at *10 (D. Minn. Apr. 2, 2018), *report and recommendation adopted*, 2018 WL 3696600 (D. Minn. Aug. 3, 2018); *Jackson v. Walz*, No. 19-cv-2612 (JNE/LIB), Dkt. 15 at 2 (D. Minn. Feb. 19, 2020), *report and recommendation adopted*, 2020 WL 1442641 (D. Minn. Mar. 24, 2020); *Jackson v. Schnell*, No. 20-cv-1951 (BCW), Dkt. 58 at 5–6 (D. Minn. Dec. 6, 2021); *Jackson v. FindJodi.com, Inc.*, No. 21-cv-1777 (SRN/LIB), 2021 WL 7542396, at

adopts the R&R's recommendation and warns Jackson that continuing to file pleadings that violate the Federal Rules of Civil Procedure may lead to a court-imposed filing restriction. If a court imposes such a filing restriction, Jackson will be permitted to file future civil actions *only* if he is represented by an attorney or has prior written permission from a judge of this court. Were Jackson to file an action that did not comport with these requirements, such an action would be summarily dismissed.

## ORDER

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Tony Dejuan Jackson's objections to the August 19, 2022 R&R, (Dkt. 12), are **OVERRULED**.

2. The August 19, 2022 R&R, (Dkt. 11), is **ADOPTED**.

3. This action is **DISMISSED WITHOUT PREJUDICE**.

4. Plaintiff Tony Dejuan Jackson's motion for injunctive relief, (Dkt. 4), is **DENIED AS MOOT**.

5. Plaintiff Tony Dejuan Jackson's motion pertaining to service, (Dkt. 7), is **DENIED AS MOOT**.

6. Plaintiff Tony Dejuan Jackson's motion requesting appointment of a special master by the court, (Dkt. 13), is **DENIED AS MOOT**.

---

*4 (D. Minn. Nov. 8, 2021), *report and recommendation adopted*, 2022 WL 336832 (D. Minn. Feb. 4, 2022).

7.      Plaintiff Tony Dejuan Jackson's motion requesting permission to correct the contents of the motion requesting appointment of a special master, (Dkt. 15), is **DENIED AS MOOT**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  November 21, 2022                                        s/Wilhelmina M. Wright
                                                                 Wilhelmina M. Wright
                                                                 United States District Judge